KELLY, Circuit Judge,
dissenting.
Although the IJ and the BIA accepted that Ms. He was detained for a week on account of her religious activities, they concluded that she did not suffer past persecution in part because she did not suffer severe physical injuries.[1] This court concludes that a week detention, two interrogations and a beating resulting in minor injuries (not requiring medical attention) does not constitute past persecution. We have previously rejected the idea that permanent injury is required, and imposing a medical care requirement is equally problematic. Karki v. Holder, 715 F.3d 792, 804-05 (10th Cir.2013). For this reason, I do not find past eases involving beatings where relief has been denied dispositive. See Ritonga v. Holder, 633 F.3d 971, 976 (10th Cir.2011); Witjaksono v. Holder, 573 F.3d 968, 977 (10th Cir.2009); Sidabutar v. Gonzales, 503 F.3d 1116, 1124 (10th Cir.2007); Kapcia v. INS, 944 F.2d 702, 704, 708 (10th Cir.1991). Beatings have enormous potential for physical and psychological harm. While I recognize that Ms. He was required to prove more than harassment and intimidation, I would hold she has done so and remand for further findings. I respectfully dissent.

. Apparently, Ms. He’s mother reported multiple bruises on her daughter’s body when she was released from interrogation. R. 43, 201-02.